```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Sheetmetal Workers Local
98 Pension Fund, et al.,          :

    Plaintiffs,               :

  v.                                : Consol. Case Nos. 2:06-cv-0345
                                                                              2:06-cv-0813
AirTab, Inc., et al.,             : JUDGE FROST

    Defendants.               :

## ORDER

On February 1, 2008, defendants Airtab, Inc., Pius Ileogben, and Tina Hairston-Ileogben moved for leave to amend their answer. Responsive and reply memoranda have been filed. For the following reasons, the Court will deny the motion.

This is an action to collect sums allegedly due to the plaintiffs pursuant to the terms of a collective bargaining agreement. The complaint alleges, and the defendants admitted in their answer, that the agreement in question required defendants to make certain contributions to the plaintiff funds between June 1, 2003 and May 31, 2006. Defendants also admitted, in response to a request for admission, that they became bound to the collective bargaining agreement by signing a letter of assent.

Almost eighteen months after filing the answers admitting the obligations under the collective bargaining agreement, defendants have moved for leave to amend their answer. In the proposed amended answer, they deny any obligations under the collective bargaining agreement. That answer also includes an affirmative defense that the contractual arrangements between plaintiffs and defendants are void *ab initio*. According to defendants' motion, this defense has been "suggested" to the

plaintiffs during discovery (although they do not specify how that occurred) and that the defense has a factual basis (which they do not identify). Plaintiffs oppose the motion on grounds that it is not timely, that they will be prejudiced, and that any such amendment would be futile.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:
> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of

Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

Defendants assert, in their reply memorandum, that "[t]he heart of this defense was present from the very beginning." Defendants' Reply to Plaintiffs' Joint Opposition to Defendants' Motion for Leave to Amend, at 2. However, they do not explain why, if that was the case, they admitted to the validity of the agreement in their answer and their formal admissions, and then waited until the conclusion of discovery to raise it in a formal manner. They also do not explain what "the heart" or any other

portion of the defense actually consists of.  As plaintiffs note, the defendants have consistently made representations or admissions from the outset of this case that they assumed obligations under the collective bargaining agreement. Presumably, they cannot be contending that the collective bargaining agreement itself is somehow void.  Rather, they must be asserting that they were totally unaware, through no fault of their own, of the nature of the documents they signed when they executed the letter of assent.  In other words, defendants must be in possession of facts which would demonstrate that when the letter of asset was signed, they were excusably unaware or affirmatively misled concerning the very nature of the agreement itself (and not just its terms or the obligations they were assuming by signing the letter of intent).  See, e.g., Laborers' Pension Fund v. A & C Environmental, 301 F.3d 768 (7th Cir. 2002).

Defendants have had two opportunities to set forth, at least in brief, the factual underpinnings of their motion.  When the responsive memorandum argued at great length that any amendment would be futile, they had some obligation to respond with specifics rather than generalities in order to justify the additional time and expense that would ensue from allowing this issue to be placed in controversy after all of the parties assumed, for the entire life of this litigation, that the binding nature of the letter of assent would not be controverted. Defendants have simply failed to do so.  Under the circumstances, the Court concludes that the proposed amendment would be an exercise in futility and that the prejudice to the plaintiffs and the case schedule would not be outweighed by any potential benefit to the defendants.  Consequently, the motion for leave to amend answer (#80) is denied.

Any party may, within ten (10) days after this Order is filed,

file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge