IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHEET METAL WORKERS LOCAL 98**
**PENSION FUND, et al.**

        **Plaintiff**                    CASE NO. 2:06-CV-345
    v.                                   JUDGE FROST
                                         MAGISTRATE JUDGE KEMP
**AIRTAB, INC., et al.**

        **Defendants**

## ORDER

This matter is before the Court on Old Republic Surety Company's unopposed motion for summary judgment on the issue of damages ("Old Republic's Motion"). (Doc. # 178.) For the reasons that follow, the Court **GRANTS** Old Republic's Motion.

### I. Background

Defendants, Air Tab, Inc. and Pius Ileogben, and the Third-Party Defendant, Tina Hairston-Ileogben ("Indemnitors"), requested that Old Republic execute a Bond By Contractors To Secure Payment Of Wages And Fringe Benefits (the "Bond") of which Plaintiff, Sheet Metal Workers Local Union # 98 Pension Fund and Welfare Fund ("Local # 98"), and Sheet Metal Workers Local Union # 24 Columbus Area Retirement Savings Plan and Joint Apprentice and Training Funds ("Local # 24") and others were to be obligees. Indemnitors agreed to:

> [I]ndemnify the Company [Old Republic] and hold it harmless against all loss, liability, costs, claim, damages, and expense internal or external of whatever kind and nature including but not limited to investigative, accounting, engineering, the fee and disbursement of counsel, including costs and fees incurred by the Surety [Old Republic] in enforcing the terms of the agreement, whether on salary, retainer or otherwise whether pre or post judgment which the Company may sustain or incur for or by reason of said Company writing said bond(s) . . . or becoming liable on said bond(s) and/or defense of any claim brought against the

company thereon . . . .

(Doc. # 57-3.)

On May 10, 2006, Local # 98 filed this action alleging a failure by defendant, Air Tab, Inc., to pay fringe benefits. Shortly thereafter, on June 21, 2006, Local # 24 filed its motion to intervene in this case alleging that the defendant, Air Tab, Inc., had also failed to pay fringe benefits to it. Finally, an action formerly pending in the United States District Court for the Eastern District of Virginia, styled National Stabilization Agreement of the Sheet Metal Industry Trust Fund v. Air Tab, Inc., Case No. 1:06-cv-728, was, on the motion of Air Tab, Inc., transferred to the Southern District of Ohio, Eastern Division, and was, on the motion of Air Tab, Inc., then consolidated with this action.

Old Republic, by its counterclaim included in its amended answer, cross claim, counterclaim and third-party Complaint (Doc. # 59), sought relief in interpleader or in the nature of interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure seeking an order of this Court permitting Old Republic to deposit the penal sum of the Bond ($30,000.00) into the registry of this Court and to be discharged of further liability under the Bond. On October 25, 2007, this Court entered its Order (Doc # 70) requiring Old Republic to deposit into the registry of the Court the penal sum of the Bond ($30,000.00) to be held pending the further order of the Court. On November 9, 2007, Old Republic deposited with the Clerk of this Court the sum of $30,000.00 in accordance with the October 25, 2007 order. On January 29, 2009, this Court entered an Order (Doc. # 174) directing the Clerk of Courts to remit to Leonard Sigall, attorney for the plaintiffs, the deposited $30,000.00. During the course of this litigation, Old Republic has incurred and paid $7,738.00 in attorney's fees charged to Old Republic by its attorney, John

J. Petro, and his associated counsel, Susan S. R. Petro.

## II. Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Id.* at 251.

## III. Analysis

Old Republic argues that Indemnitors are liable to Old Republic under the terms of the Indemnity Agreement for the $30,000.00 it deposited into the registry of the Court and for $7,738.00 attorney fees and costs. This Court agrees.

Under the law of Ohio, an indemnitor is obligated to indemnify the indemnitee under the terms of and in accordance with a contract of indemnity. *Allen v. Standard Oil Co.*, 2 Ohio St. 3d 122 (1982). Thus, previously this Court determined (Doc. # 90) that Indemnitors are liable under the terms of the Indemnity Agreement to Old Republic for any loss sustained by Old Republic as the result of the execution of the Bond, as well as the attorney's fees and expenses

3

incurred by Old Republic in the defense of this litigation and the attorney's fees and expenses incurred in the prosecution of the cross claim and third-party complaint. *See Worth v. Huntington Bancshares, Inc.*, 43 Ohio St.3d 192, 199-200 (Ohio 1989) (enforcing indemnification contract including attorneys fees provision).

Old Republic submitted affidavits which demonstrate that the attorney's fees and costs expended under the Indemnity Agreement were reasonable and necessary. However, as Old Republic correctly notes, as a matter of Ohio law where the promise is to indemnify from "all" attorney's fees, the surety is not required to prove either the necessity or the reasonableness of the fees incurred and paid.

> Review of the indemnity agreement reveals no language limiting an award of attorney fees to only those fees proven to be "reasonable and necessary." It is axiomatic that "[t]he intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus. "When enforcing an indemnity agreement, the court must determine the intent of the parties from the language of the indemnity contract." *Capitol Indemn. Corp. v. Weatherseal Roofing & Renovations, Inc.*, Lucas App. No. L-02-1174, 2003-Ohio-3982, citing *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 240 (1987) *reversed in part on other grounds in Worth v. Huntington Bancshares, Inc.*, 43 Ohio St.3d 192 (Ohio 1989). "[T]he language of the indemnity agreement controls the issue of whether the surety may charge the principal for the surety's defense fees and expenses." *Id.*

*Am. Contractor's Indemnity Co. v. Nicole Gas Prod.*, Ltd., No. 07AP-1039, 2008 WL 4416671, at *6 (Ohio App. Sept. 30, 2008) (the indemnity agreement provided for payment of "any and all" attorney fees).

The Court concludes that, even when viewing the evidence in the light most favorable to Indemnitors, no reasonable jury could return a verdict for them. Consequently, Old Republic is entitled to summary judgment on the issue of damages in the amount of $37,738.00.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Old Republic's Motion (Doc. # 178) and **ENTERS JUDGMENT** against Defendants, Air Tab, Inc. and Pius Ileogben, and the Third-Party Defendant, Tina Hairston-Ileogben, jointly and severally, for the sum of $37,738.00.

**IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**